| **Compassionate Release Motions Granted to Defendants** <br> **Convicted of 21 U.S.C. § 848** ||
|---|---|
| *United States v. Kubinski*, 3:93-CR-28-1H, 2020 WL 2475859 (E.D.N.C. May 13, 2020) | Following a jury trial, defendant was convicted of continuing a criminal enterprise, drug importation conspiracy, five counts of money laundering, and four counts of distribution or possession with intent to distribute cocaine and marijuana.  Defendant was sentenced to a total of life imprisonment. <br><br> Defendant's motion for compassionate release was granted and his sentence was reduced to time served based in large part on his age and medical ailments, as well as the fact that he has served 25 years in prison, and is a model prisoner. |
| *United States v. Rice*, 83 CR. 150-3 (LGS), 2020 WL 4505813 (S.D.N.Y. Aug. 5, 2020) | Defendant, following a jury trial, was convicted of, narcotics conspiracy, continuing criminal enterprise, heroin distribution, and operating a racketeering enterprise.  The district court sentenced the defendant to life imprisonment without parole. <br><br> Defendant's Motion for Compassionate Release was granted, and his sentenced was reduced to time served based on his medical condition, age, and status as a model prisoner and extensive efforts at rehabilitation while incarcerated. |
| *United States v. Fisher*, 1:83-CR-00150-PAC-1, 2020 WL 5992340, at *1 (S.D.N.Y. Oct. 9, 2020) | Defendant was indicted in 1983 along with seven co-defendants in a 15-count, 45-page Indictment that charged criminal acts in connection with the "Council," a group of seven individuals who ran an extensive narcotics enterprise that operated in New York City from 1972 to 1983. Defendant was charged with narcotics conspiracy; operating a continuing criminal enterprise; distribution of heroin; racketeering conspiracy; participation in a racketeering enterprise; and *conspiracy to murder government witnesses*. After a jury trial, defendant was found guilty on all charges except the conspiracy to commit murder charge.  He was sentenced to life imprisonment. <br><br> Defendant's Motion for Compassionate Release was granted and his sentence was reduced to time serve based in large part on his medical ailments, age, rehabilitation, and the need to avoid unwarranted sentence disparities. |
| *United States v. Millan*, 91-CR-685 (LAP), 2020 WL 1674058, at *1 (S.D.N.Y. Apr. 6, 2020) | Defendant was convicted of conspiracy to violate federal narcotics laws; possession with intent to distribute heroin, possession with intent to distribute in excess of 100 grams of heroin, engaging in a criminal enterprise *as the principal*.  Defendant was sentenced to mandatory life imprisonment. <br><br> Defendant's Motion for Compassionate Release was granted and his sentence was reduced to time serve based on, defendant's "extraordinary rehabilitation, together with his remorse and contrition, his conduct as model prisoner and man of extraordinary character, his leadership in the religious community at FCI Fairton, his dedication to work with at-risk youth and suicide prevention, and the support of BOP staff at FCI Fairton, including |

| | |
|---|---|
| | their opinion that if released, Mr. Millan would be a productive member of society and no danger to others, and the sentencing disparity that would result from further incarceration all constitute extraordinary and compelling reasons justifying a reduction in sentence." |
| *United States v. Torres*, 464 F. Supp. 3d 651 (S.D.N.Y. 2020) | A jury found Defendants guilty of, among other things, engaging in a criminal enterprise. Defendants were sentenced to life imprisonment.<br><br>"In sum, the Court holds that the totality of the Torres brothers' circumstances—their thorough and long-term rehabilitation, exemplary community service, and the high risk presented by the COVID-19 pandemic—provides 'extraordinary and compelling reasons' for a sentence reduction. Thus, the Court finds that the statutory criteria for a sentence reduction are satisfied and that a sentence reduction is warranted." |
| *United States v. Regas*, 391CR00057MMDNA1, 2020 WL 2926457, at *1 (D. Nev. June 3, 2020) | A jury found Defendant guilty of, among other things, engaging in a criminal enterprise. Defendant was sentenced to life imprisonment.<br><br>Defendant's motion for compassionate release was granted due in large part to his age, vulnerability to COVID-19, and rehabilitation. |
| *United States v. Tidwell*, CR 94-353, 2020 WL 4504448 (E.D. Pa. Aug. 5, 2020) | A jury found Defendant guilty of, among other things, engaging in a criminal enterprise. Defendant was sentenced to life imprisonment.<br><br>Defendant's Motion for Compassionate Release was granted based, in large part, on his rehabilitation and seriously impaired health. |